```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                        :
ANDRES AGUIAR, *pro se*,                                :
                                                        :
                         Petitioner,                    :    **MEMORANDUM & ORDER**
                                                        :
         -against-                                      :    07cv1081(DLI)(LB)
                                                        :
SUPERINTENDENT PAUL M. LAIRD,                           :
                                                        :
                         Respondent.                    :
                                                        :
------------------------------------------------------- x
```

*Pro se* petitioner Andres Aguiar filed a petition seeking to compel prison officials to provide him administrative remedy forms and to respond to his requests for remedy. As set forth more specifically below, and as argued by the respondent in its motion to dismiss, the petition is moot because the specific complaints giving rise to his petition have all been resolved. Accordingly, the petition is denied. Moreover, the court has no jurisdiction to decide the other complaints he raises in subsequent letters to the court because he has not properly exhausted his remedies.

I.   Factual Background

The petitioner is an inmate at the Metropolitan Detention Center ("MDC") in Brooklyn serving a life sentence for offenses including conspiracy to import heroin, possession with intent to distribute more than one kilogram of heroin and the use of intimidation to prevent witness testimony in an official proceeding. (Declaration of M. A. Stancil, May 24, 2007 ("Stancil Decl.") ¶ 3). On March 9, 2007, *pro se* petitioner Andres Aguiar filed a petition for a writ of mandamus. He complained that the staff at the MDC had "refused, neglected or deliberately delayed" in

providing the forms he needed and sought in order to pursue administrative remedies. (Compl. at 2). He asked the court to exercise its authority under 28 U.S.C. § 1361 and compel the warden to instruct prison staff to issue him the forms and to respond to his requests for administrative remedies. (*Id*. at 3).

On March 20, 2007, U.S. Magistrate Judge Lois Bloom granted petitioner *in forma pauperis* status and ordered the government to respond to his petition. (Dkt. No. 3). By his own account, after the March 20 court order, the petitioner received the requested forms and confirmation that his BP-8 and BP-9 form requests had been accepted by prison staff for processing. (Petitioner's Reply Brief ("Reply"), Dkt. No. 18, at 17). By letter dated April 2, 2007, petitioner complained that the prison had not acknowledged their receipt of his requests as they are obliged to under 28 C.F.R. § 542.11(a)(2). These receipts were later provided to him by the unit manager on April 20, 2007. (Stancil Decl. ¶ 5).

On April 25, 2007, petitioner wrote the court again, this time complaining that the prison staff was retaliating against his petition by preventing his release from the Special Housing Unit ("SHU") to the general prison population.[1] (Dkt. No. 5). On May 9, 2007, Magistrate Judge Bloom ordered the government to investigate the claim of retaliation. (Dkt. No. 6). According to a unit manager at the MDC, petitioner was slated to be released from SHU on April 19, 2007, but was confined there until April 26, 2007 because prison staff needed time to determine the housing that is appropriate for him given the nature of his offense, sentence, and high custody classification level. (Stancil Decl. ¶ 8).

After the government moved to oppose the petition on the grounds of mootness in June 2007, petitioner tried to draw attention to new problems he encountered in the administrative

---

[1] Petitioner had been placed in the SHU on February 13, 2007 for possession of a dangerous weapon. (Stancil Decl. ¶ 6).

2

remedy process.² (Reply 22-24). He accuses the prison staff of continuing to interfere with his administrative procedural rights, and seeks a writ of mandamus to compel the warden "to have his staff comply with [the policy of the Bureau of Prisons]." (Reply at 24).

II. Discussion

District courts have "original jurisdiction in any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is an extraordinary remedy that is 'granted only in the exercise of sound discretion.'" *Miller v. French*, 530 U.S. 327, 340 (2000) (citing *Whitehouse v. Illinois Central R. Co.*, 349 U.S. 366, 373 (1955)). *See also Appalachian States Low-Level Radioactive Waste Com'n v. O'Leary,* 93 F.3d 103, 112 (3d Cir.1996)(noting that the remedy can only be granted "where a legal duty is positively commanded and so plainly prescribed as to be free from doubt."). Petitioner must satisfy three conditions before the writ may issue: first, he must have "no other adequate means to attain the relief he desires," second, he must show that his right to the writ is "clear and indisputable," and third, the issuing court must be satisfied that the writ is appropriate under the circumstances. *Stein v. KPMG, LLP*, 486 F.3d 753, 759-60 (2d Cir. 2007)(*citing Cheney v. United States Dist. Court*, 542 U.S. 367, 380-81 (2004)).

---

² Among his new complaints is the prison staff's rejection of several of his BP-9 form requests for remedies because he had not first filed BP-8 forms seeking informal resolution. Petitioner contends that his BP-9 requests were proper because he had demonstrated accepted reasons to waive the required filing of BP-8 forms. (Reply at 19). Under 28 C.F.R. § 542.13(a), an inmate must present an issue for informal resolution with a BP-8 form before he can make a formal request for administrative remedy through BP-9. An attempt at informal resolution "may be waived in individual cases at the Warden['s] discretion when the inmate demonstrates an acceptable reason for bypassing informal resolution." 28 C.F.R. § 542.13(b).

The Bureau of Prisons ("BOP") has clearly established administrative procedures that inmates must follow when challenging the conditions of their confinement. *See* 28 C.F.R. §§ 542.10-542.19. The warden is specifically responsible for the implementation and operation of the Administrative Remedy Program at the prison by among other things "establsh[ing] procedures for receiving, recording, reviewing, investigating and responding to [remedy requests] submitted by an inmate." 28 C.F.R. § 542.11(a)(1). Inmates are obligated to use the program in "good faith and in an honest and straightforward manner." 28 C.F.R. § 542.11(b).

Before an inmate can file a federal cause of action, he must have exhausted his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, __, 126 S.Ct. 2378, 2383 (2006) (emphasizing that under the Prison Litigation Reform Act (PLRA) "exhaustion is no longer left to the discretion of the district court, but is mandatory"). The exhaustion of administrative remedies allows an agency such as the Bureau of Prisons to "correct its own mistakes . . . before it is haled into federal court" and "discourages disregard of [agency's] procedures." 126 S.Ct. at 2385. It also "promotes efficiency, in that claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Finally, even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration." *Id.*

In this case, the court ordered the government to respond to the petitioner's original petition because he was alleging that prison officials were depriving him of administrative forms and refusing to respond to his complaints, which prevented him from exhausting his administrative remedies. It is beyond dispute from subsequent letters and submissions from both sides that petitioner's complaints in the petition have been resolved on both counts. Petitioner's complaints have been proceeding through the administrative remedy process. He has been

4

provided with BP-8 and BP-9 forms and several of his requests have been accepted. The bases of his writ petition no longer exist, and the original controversy is moot. *Fox v. Board of Trustees of the State Univ. of New York*, 42 F.3d 135, 141 (2d Cir. 1994)(where a petitioner lacks legally cognizable interest in the outcome of action, the case is moot and the court would not have subject matter jurisdiction).

The litany of new issues that petitioner raises in his reply are not appropriate claims for mandamus relief.[3] Petitioner has not exhausted recourse available in the administrative remedy process, which contains proper mechanisms to deal with delay and neglect by prison staff, including the ability to appeal for higher level administrative review. *See* 28 C.F.R. § 542.15 (setting forth procedures for appeal). A full administrative record has not been established, and the court is unwilling to permit petitioner to bypass the Administrative Remedy Program.

---

[3] Insofar as petitioner is challenging the denial of any discretionary relief by the prison staff, he can obtain no such relief from the court through mandamus. *Natural Res. Def. Council. Inc. v. Thomas*, 689 F.Supp. 246, 260 (S.D.N.Y.1988), aff'd, 885 F.2d 1067 (2d Cir.1989) ("[I]t is well settled that a writ of mandamus can only compel an official to perform a ministerial duty and not a discretionary act").

III.     Conclusion.

The petition for mandamus is denied. The court expects the MDC to fully comply with the BOP's rules and regulations to process the petitioner's administrative remedy requests. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated: Brooklyn, New York
       March 24, 2008

                                                          /s/
                                              _____
                                                    DORA L. IRIZARRY
                                                 United States District Judge